UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRENDA THOMAS,

    Plaintiff,

v().                                                                         Case No.  3:15cv133-MCR-CJK

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____/

# ORDER

    This case is before the court for consideration of the Magistrate Judge's Report and Recommendation dated May 10, 2016.  ECF No. 20.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  The court has made a *de novo* determination of the timely filed objections, two of which deserve brief attention.

    First, the Acting Commissioner of Social Security ("Commissioner") argues that the remand recommended by the Magistrate Judge is not appropriate because "the [Administrative Law Judge ("ALJ")] properly considered Plaintiff's allegations of subjective symptoms and substantial evidence supports the ALJ's decision . . . ." ECF No. 21, at 2.  Even accepting this as true, remand would still be warranted.  The

Commissioner does not dispute that the ALJ's opinion lacks an explicit credibility determination regarding the claimant's subjective complaints of pain resulting from migraines. "Explicit credibility findings are 'necessary and crucial where subjective pain is an issue.'" *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982)). "'[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.'" *Walker v. Bowen*, 826 F.2d 996, 1004 (11th Cir. 1987) (quoting *Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986) (alterations in original). If the ALJ does not make an explicit credibility determination, "the implication must be so clear as to amount to a specific credibility finding." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). The Report and Recommendation thoroughly explains how this implication is not clear in the ALJ's opinion. Remand is warranted where, as is the case here, a credibility determination is lacking yet this determination is "critical to the outcome of the case." *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 832 (11th Cir. 2013).

Second, the Commissioner asserts that the ALJ cannot be faulted for not considering reasons why the claimant did not seek treatment more frequently. As the Magistrate Judge delineated, an ALJ cannot rest her findings on a claimant's failure to seek medical treatment without considering motivating reasons for this

failure. SSR 96-7P, at *7.[1] The Commissioner, however, highlights that neither the claimant nor the Magistrate Judge identified any occasion where explanations for failure to seek treatment were presented to the ALJ. The Commissioner further argues that this failure to seek treatment was not the ALJ's primary reason for discrediting claimant's testimony.

Contrary to the Commissioner's implicit argument, the burden to develop the record on this issue falls to the ALJ. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267-68 (11th Cir. 2015) (remanding the case to the ALJ where the ALJ failed to either develop the record or address the claimant's financial inability to pursue further treatment); SSR 96-7P, at *7 ("The adjudicator may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner."). Failure to consider these motivating reasons becomes harmless error, however, "if the ALJ's determination is also based on other factors, such as [residual functional capacity], age, educational background, work experience, or ability to work despite the alleged disability . . . ." *Henry*, 802 F.3d at 1268. This concern highlights the importance of the credibility finding missing here. Although the Commissioner postulates

---

[1] Although SSR 96-7P was later superseded by SSR 16-3P, the former was in effect when the ALJ's decision was issued on September 20, 2013.

additional reasons that the ALJ might have considered for discrediting the claimant's testimony, these cannot be conclusively determined at this stage absent the requisite credibility determinations by the ALJ.

Therefore, having considered the Report and Recommendation and the objections thereto, the court finds that the Report and Recommendation should be adopted.

Accordingly:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. The Commissioner's decision is set aside, and the matter **REMANDED** for further proceedings consistent with the Report and Recommendation.

**DONE AND ORDERED** this 28th day of September, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:15cv133-MCR-CJK